# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **J.W. MOON,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | 4:12-CV-0065-KOB |
| | ] | |
| **GOODYEAR TIRE & RUBBER** | ] | |
| **COMPANY, INC.,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Goodyear's Motion to Dismiss Plaintiff

Mr. Moon's Amended Complaint (doc. 23).  Mr. Moon claims that Goodyear breached its

contract with Mr. Moon by not paying him according to a Buyout Agreement upon his

retirement. Goodyear moves to dismiss all three counts of Mr. Moon's Amended Complaint,

arguing that all of the claims are preempted by § 301 of the Labor Management Relations Act. 29

U.S.C. § 185.  Goodyear also argues that the Amended Complaint should be dismissed because

the applicable statute of limitations precludes the action from going forward and because Mr.

Moon failed to exhaust the grievance procedures contained in a collective bargaining agreement.

The court finds all three of Mr. Moon's claims to be completely preempted by § 301 of the Labor

Management Relations Act. Treating all of the claims as § 301 claims, the court finds that all

three claims are due to be dismissed because they are not hybrid § 301 claims and Mr. Moon

failed to exhaust the grievance procedures required in the Collective Bargaining Agreement.

I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

A.   Factual History

Goodyear employed Mr. Moon for thirty-seven years; he worked as a forklift operator at Goodyear's tire manufacturing plant in Gadsden, Alabama. Hourly production and maintenance employees at the plant, including Mr. Moon, are unionized and represented by the United Steelworkers of America.  In 2009, Goodyear and United Steelworkers entered into Master Negotiations. As part of the Master Labor Contract, United Steelworkers and Goodyear agreed that Goodyear could outsource certain jobs to non-Union members, including forklift repair, if Goodyear agreed that employees whose jobs were outsourced would be paid a Discretionary Employee Separation Payment in exchange for their agreeing to leave Goodyear. The Separation Payment was $2000 for each year of the employee's service with Goodyear, with a maximum payment of $50,000.  The Fork Truck Staff Reduction Agreement is the Collective Bargaining Agreement that emerged from Goodyear and United Steel's Master Negotiations. (doc. 1-2).

In December of 2010, Goodyear notified Mr. Moon that he was eligible for a $50,000 Separation Payment because Goodyear was outsourcing his job. Goodyear presented Mr. Moon with the Buyout Application Form that he was required to sign if he were to accept the Separation Payment and retire. Mr. Moon signed the Form on December 14, 2010, and Mr. Czervionke, a Goodyear Human Resources Department employee, also signed the Form.

The Form specifically stated in bold type that the employee signing the Form "**understand[s] and acknowledge[s] that once I submit this application to the Employer, it cannot be withdrawn or revoked**." Doc. 22, at Ex. A. The Form also stated that Goodyear "will make the final determination as to whether to accept [the] application in accordance with

2

the [Fork Truck Staff Reduction Agreement]." *Id.* The Form indicated that Mr. Moon's last day of work would be December 31, 2010 and that his Separation Payment would equal $50,000. *Id.*

After signing the Form, Mr. Moon made plans to retire at the end of 2010, including cancelling his disability insurance, signing up for social security, and changing his healthcare insurance. After Mr. Moon signed the Form but before December 31, 2010, Goodyear told Mr. Moon that it had decided not to outsource his job and that the Buyout Application Form was void. Mr. Moon retired on December 31, 2010, but Goodyear refused to pay Mr. Moon the $50,000 Separation Payment.

        B.    Procedural History

On December 2, 2011, Mr. Moon filed suit against Goodyear in Circuit Court for Marshall County, Alabama, for breach of contract. (doc. 1, ex. 1). On January 6, 2012, Goodyear filed a Notice of Removal in this court. (doc. 1). At a hearing on May 22, 2012, the court denied Mr. Moon's Motion to Remand because Mr. Moon's breach of contract claim was preempted by § 301 of the Labor Management Relations Act. (doc. 16). On June 13, 2012, Mr. Moon filed an Amended Complaint alleging three counts:  breach of contract, unjust enrichment or quantum meruit, and fraud or suppression. (doc. 22). Goodyear responded by filing a Motion to Dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. (doc. 23).

II.    STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957)

(quoting Fed. R. Civ. P. 8(a)).

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court has recently identified "two working principles" for the district court to use in applying the facial plausibility standard. The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of *well-pleaded factual* allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal,* 556 U.S. at 678. The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts. That task  is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense. . . to infer more than

4

the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

III.   LEGAL ANALYSIS

    A.   Preemption

Goodyear claims that all of Mr. Moon's claims are preempted by § 301 of the Labor Management Relations Act and should be dismissed. Section 301 of the LMRA preempts a state-law claim if resolution of the claim "requires the interpretation of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988). State-law claims are preempted by § 301 "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract. . .." *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). The law is also well established that "[section] 301 must be broadly construed to encompass any agreement, written or unwritten, formal or informal, which functions to preserve harmonious relations between labor and management." *Smith v. Kerrville Bus. Co.*, 709 F.2d 914, 919 (5th Cir.1983).

Here, the Buyout Application Form, the document forming the basis of Mr. Moon's claim for breach of contract, specifically refers to the Fork Truck Staff Reduction Agreement, which is the collective bargaining agreement made between Goodyear and United Steelworkers as part of their Master Negotiations in 2010. This explicit reference incorporates the collective bargaining agreement into the contract that Mr. Moon claims Goodyear breached.

    The Eleventh Circuit stated that "[i]n deciding whether state law tort claims require interpretation of the terms of a labor contract, courts [should] . . . look to the elements of the state law claims." *Crowne Investments, Inc. v. United Food & Commercial Workers*, 959 F. Supp.

1473, 1478 (M.D. Ala. 1997) (citing *Lightning v. Roadway Express*, 60 F.3d 1551, 1557 (11th Cir.1995)).  Thus, the court examines the elements for each Count in Mr. Moon's Amended Complaint to determine whether the state-law claims require the interpretation of the Collective Bargaining Agreement between Goodyear and United Steelworkers.

1.     Breach of Contract

In Alabama, a plaintiff can recover on a breach of contract claim if he can prove four elements: "(1) the existence of a valid contract binding upon the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *Employees' Benefit Ass'n v. Grissett*, 732 So. 2d 968, 975 (Ala. 1998).  The elements for a valid contract are "an offer and an acceptance, consideration, and a mutual assent to the essential terms of the agreement." *Armstrong Business Services, Inc. v. AmSouth Bank*, 817 So. 2d 665, 673 (Ala. 2001) (citing *Hargrove v. Tree of Life Christian Day Care Ctr.*, 699 So. 2d 1242, 1247 (Ala. 1997)).

The first element requiring a valid contract governing the parties' relationship requires the court to evaluate the Buyout Application Form and thus the Fork Truck Staff Reduction Agreement because it is incorporated by reference in the Buyout Application Form.  Thus, because the Fork Truck Staff Agreement forms the foundation of his claims for breach of contract, Mr. Moon's breach of contract claim is preempted by § 301 of the LMRA. *See Bartholomew v. AGL Resources, Inc.*, 361 F.3d 1333, 1342 (11th Cir. 2004) (ruling that the plaintiff's breach of contract claims were preempted by § 301 of the LMRA because the state law breach of contract claims were "substantially dependent upon an analysis of the collective bargaining agreement"). Therefore, because the Fork Truck Staff Agreement is a Collective

6

Bargaining Agreement, the court finds that Mr. Moon's breach of contract claim is preempted by § 301 of the LMRA.

>2.      Unjust Enrichment

In Alabama, a plaintiff can recover on an unjust enrichment claim if he can prove that "the defendant holds money which, in equity and good conscience, belongs to the plaintiff or holds money which was improperly paid to defendant because of mistake or fraud." *Mantiply v. Mantiply,* 951 So. 2d 638, 654 (Ala. 2006).  Mr. Moon claims that Goodyear unjustly profited from his reliance on the Buyout Application Form because it no longer had to pay Mr. Moon's salary and benefits upon his retirement, and Goodyear kept the buyout money it promised him. In analyzing whether Goodyear holds money that rightfully belongs to Mr. Moon, the court must consider the Buyout Application Form and the Fork Truck Staff Reduction Agreement because it is incorporated by reference in the Buyout Application Form. To determine whether Goodyear improperly retained the $50,000 Mr. Moon claims was rightfully his, the court must carefully analyze the Buyout Application Form and by incorporation, the Truck Staff Reduction Agreement, a collective bargaining agreement. Thus, the court finds that the unjust enrichment claim is preempted by § 301 of the LMRA.

>3.      Fraud

In the fraud claim of his Amended Complaint, Mr. Moon alleges that Goodyear committed in writing "that in exchange for agreeing to retire, plaintiff would receive a $50,000 payment."  In Alabama, a plaintiff can recover on a fraud claim if he can prove, "(1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation." *Lewis v. First Tuskegee*

*Bank,* 964 So. 2d 36, 42 (Ala. Civ. App. 2007). In alleging his claim of fraud, Mr. Moon claims that the "false representation" he relied on is the Buyout Application Form. Mr. Moon explicitly leads the court to the Buyout Application Form and Fork Truck Staff Reduction Agreement by reference in his claim for fraud, claiming that the Buyout Application Form is the basis for his claim of fraud. Therefore, the court finds that Mr. Moon's breach of contract claim is preempted by § 301 of the LMRA. *See Crowne Investments, Inc. v. United Food & Commercial Workers*, 959 F. Supp. 1473, 1481 (M.D. Ala. 1997) (dismissing state law claims of fraud, deceit, and bad faith because they were completely preempted by § 301 of the LMRA).

The Eleventh Circuit has followed the Supreme Court's mandate in *Allis-Chalmers Corp. v. Lueck* that when "the resolution of a state-law claim is substantially dependent upon the terms of a collective bargaining agreement the claim should be dismissed as preempted or treated as a § 301 claim." *Bartholomew,* 361 F.3d at 1342 (citing *Lueck*, 471 U.S. at 220). Section 301 of the LMRA provides a cause of action for "suits for violation of contracts between an employer and a labor organization" in district court. 29 U.S.C. § 185(a). Goodyear presented no arguments as to why the court should dismiss Mr. Moon's claims entirely as opposed to treating them as § 301 claims under *Lueck*. The court finds that all three of Mr. Moon's claims are preempted by § 301 and will be treated as § 301 claims for breach "of a contract between an employer and a labor organization." 29 U.S.C. § 185(a). To prevail on a § 301 claim against Goodyear, Mr. Moon must "show that. . . the employer violated the terms of the collective bargaining agreement." *Bartholomew,* 361 F.3d at 1342.

B.   UNDERLINE MERITS OF THE § 301 CLAIM

In its Motion to Dismiss the Amended Complaint, Goodyear argued preemption as a

means for dismissing the unjust enrichment and fraud claims. Goodyear also incorporated its original Motion to Dismiss (doc. 4) in its Motion to Dismiss the Amended Complaint. (doc. 23). By incorporation, Goodyear argues that Mr. Moon's claims should be dismissed because they are barred by the applicable statute of limitations and because Mr. Moon failed to exhaust the grievance procedures as he is required to do under the Collective Bargaining Agreement.

Thus, the court considers Mr. Moon's three claims against Goodyear as § 301 claims and now considers Goodyear's arguments that the claims were not brought within the applicable statute of limitations and that Mr. Moon failed to file a grievance under the Collective Bargaining Agreement.

<u>1.</u>        <u>Statute of Limitations</u>

No prescribed statute of limitations exists for § 301 breach of collective bargaining agreement claims.  The Supreme Court held in 1966 that the timeliness of a § 301 suit for breach of collective bargaining agreement and several unwritten employment contracts was to be determined "by reference to the appropriate state statute of limitations." *UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 705 (1966).  In 1983, the Supreme Court borrowed the six month statute of limitations set out in 10(b) of the National Labor Relations Act and applied it to hybrid § 301 claims, which include both a § 301 suit against the employer *and* a fair representation claim against the union.  *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 171 (1983). A hybrid action is a very specific claim under § 301 and is only available to a plaintiff when the union representing the plaintiff in a grievance or arbitration procedure acts "in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *Id.* at 164.

9

Several Circuit Courts have clearly stated that when the plaintiff's claim is not a § 301 hybrid claim, *Hoosier* mandates the use of the applicable state law of limitation for the breach of a collective bargaining agreement. *See Cephas v. MVM, Inc.*, 520 F.3d 480 (D.C. Cir. 2008) (applying the District of Columbia breach of contract statute of limitations to a claim arising under § 301); *Ta v. Gen. Dynamics-Convair*, 937 F.2d 614 (Table), 1991 WL 126735, at *4 (9th Cir.1991) ("When the plaintiff's claim is not a hybrid, but a straightforward Section 301 claim for breach of a [CBA], it is governed by [*Hoosier*]."); *but c.f. Borowiack v. Vickers, Inc.*, 972 F.2d 353 (Table), 1992 WL 157517, at *2 (8th Cir.1992) (applying six month statute of limitations because "the complaint plainly implicated the nature of the union's representation [in the grievance procedures] and [was not] . . . a pure breach of contract claim against the employer.").

Mr. Moon's claims against Goodyear contained in the Amended Complaint do not plead a fair representation claim against the union. Because Mr. Moon's claims against Goodyear are not a § 301 hybrid claim, the six month statute of limitations does not apply. In Alabama, the applicable statute of limitations for breach of contract is six years. Ala. Code § 6-2-34 (1975). The applicable statute of limitations for unjust enrichment flowing from "the rendering of substantial performance on . . . a contract" is two years. *Auburn Univ. v. Int'l Business Machines, Corp.,* 716 F. Supp. 2d 1114, 1118 (M.D. Ala. 2010). The applicable statute of limitations for fraud is two years from the "time of discovery [of the alleged fraud] by the aggrieved party." *Gray v. Liberty Nat'l Life Ins. Co.*, 623 So. 2d 1156, 1159 (Ala. 1993).

The Buyout Application Form was signed and allegedly breached in December 2010. Mr. Moon filed this suit in state court on December 8, 2011. The commencement of this suit

complies with the applicable statutes of limitations for all three of Mr. Moon's claims against Goodyear under any of the applicable state statutes of limitation.

> ### 2.     Failure to file a Grievance under the Collective Bargaining Agreement

Goodyear argues that Mr. Moon's claims should be dismissed because Mr. Moon failed to file a grievance relating to the discretionary buyout payment as he is required to do under the Collective Bargaining Agreement. (doc. 4-1). Goodyear correctly asserts that "contractual grievance and arbitration procedures must be exhausted before an employee files a § 301 suit." *Bowen v. U.S. Postal Service*, 459 U.S. 212, 232 (1983).  The Eleventh Circuit has emphasized that, "[e]mployees claiming breach of a collective bargaining agreement or wrongful termination of employment by their employer are bound by that agreement's terms providing a method for resolving disputes between them and their employer." *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1222 (11th Cir. 1985). The Supreme Court has made an exception to the exhaustion of arbitration procedures rule in hybrid § 301 cases where "an aggrieved employee cannot obtain . . . the substantive relief he seeks." *Clayton v. Automobile Workers*, 451 U.S. 679, 693 (1981).  Mr. Moon's reliance on the *Clayton* exception is misguided because his claim is not a hybrid § 301 claim and his complaint does not contain a claim for breach of United Steelworkers' duty of fair representation.

The parties do not dispute that Mr. Moon did not follow the grievance procedures prescribed in the Collective Bargaining Agreement. (Doc. 4-1, at 14).  In Mr. Moon's Surreply to the Defendant's Reply in Support of its Motion to Dismiss (doc. 21), Mr. Moon claims that the "Union offered no help" to him in filing a grievance and that the Union said there was "nothing to pursue under grievance procedures of the CBA," but he does not claim a breach of the Union's

duty of fair representation in his Complaint or Amended Complaint.  Doc. 21, at 3-4.

Because this cause does not present a hybrid § 301 claim, Mr. Moon's failure to follow the grievance procedures set forth in the Collective Bargaining Agreement before instituting this action preclude the claims from going forward.[1]  Thus, the court will GRANT Goodyear's Motion to Dismiss the Amended Complaint.

IV.    CONCLUSION

The court finds that all three of Mr. Moon's claims are completely preempted by § 301 of the Labor Management Relations Act because their resolution "is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract."  *Lueck*, 471 U.S. at 220.  Treating all of the claims as § 301 claims, the court finds that the Amended Complaint is due to be dismissed because Mr. Moon did not plead a hybrid § 301 claim and he failed to exhaust the grievance procedures required in the Collective Bargaining Agreement. The court will GRANT Goodyear's Motion to Dismiss the Amended Complaint. The court will simultaneously enter an order to that effect.

DONE and ORDERED this 25th day of September, 20212.

_Karon O. Bowdre_
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[1]      Even if Mr. Moon pled a hybrid § 301 claim, it would be barred by the applicable six month statute of limitations, as discussed in part III.B.1, *supra*, and the court would find authority to dismiss under *DeCostello.*

12