IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| J.W. MOON, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] 4:12-CV-0065-KOB |
| | ] |
| GOODYEAR TIRE & RUBBER | ] |
| COMPANY, INC., | ] |
| | ] |
| Defendant. | ] |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff Mr. Moon's "Motion to Reconsider Order of September 25, 2012 Dismissing Amended Complaint and Renewed Motion to Remand." (Doc. 29). Mr. Moon argues that his breach of contract, unjust enrichment, and fraud claims are not preempted by § 301 of the Labor Management Relations Act and, thus, the court should remand his case to the Circuit Court for Marshall County, Alabama. Alternatively, Mr. Moon argues that if his claims are preempted by § 301 of the LMRA, then the court should allow his claims to proceed because he "for all practical purposes" exhausted his administrative remedies under the Collective Bargaining Agreement. (Doc. 29, at 2). For the reasons stated below and in the Memorandum Opinion granting Goodyear's Motion to Dismiss (doc. 27), the court DENIES the motion.

Procedural History

At a hearing on May 22, 2010, this court heard argument on Mr. Moon's Motion to Remand and determined that the "interpretation of the 'Buyout Application Form' that the Defendants allegedly breached [was] intertwined with the collective bargaining agreement to

which the Buyout Application Form refers;" because the court had to interpret the collective bargaining agreement to interpret Mr. Moons' claims, it determined that it had federal removal jurisdiction over Mr. Moon's claims. (Doc. 16).

On September 25, 2012, by Memorandum Opinion and Order, this court granted Goodyear's Motion to Dismiss. (Docs. 27 & 28). The court determined that Mr. Moon's claims were preempted by § 301 of the LMRA and then, treating Mr. Moon's claims as a § 301 claim, determined that Mr. Moon failed to follow the grievance procedures set forth in the Collective Bargaining Agreement before instituting his action in state court, as required by § 301 of the LMRA.

Discussion

A motion to reconsider a judgment under Federal Rule of Civil Procedure 59(e) "must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fidelity & Deposit of Maryland v. Am. Consertech, Inc.*, 2008 WL 4080270, at *1 (S.D. Ala. Aug. 28, 2008) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993)). Courts have generally recognized three grounds justifying reconsideration of an order: (1) an intervening change in the law, (2) the availability of new evidence, and (3) the need to correct a clear error or manifest injustice. *See, e.g., Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Reconsideration is an *extraordinary* remedy that should be employed sparingly in the interests of finality and conservation of scarce judicial resources. *Sonnier v. Computer Programs & Systems, Inc.*, 168 F. Supp. 2d 1322, 1336 (S.D. Ala. 2001).

Mr. Moon has not presented evidence of a change in the law, any new factual evidence, nor any clear error of law in his motion. First in denying Mr. Moon's motion for remand and then

again in granting Goodyear's motion to dismiss, the court found that all of Mr. Moon's claims were preempted by § 301 of the LMRA. Because the Buyout Application Form, the form on which all of Mr. Moon's claims rest, specifically references and incorporates the Fork Truck Staff Reduction Agreement, Mr. Moon requires the court to interpret a collective bargaining agreement in resolving his claims. Thus, the court will not remand the case to state court to determine federal claims.

The court also thoroughly reviewed the Collective Bargaining Agreement's grievance procedures when considering Goodyear's motion to dismiss.  Mr. Moon provides no new evidence or law to persuade the court that his failure to exhaust the prescribed grievance procedures does not bar his § 301 claim nor has he presented evidence that the court made a clear error of law.  Because the parties do not dispute that he failed to follow the grievance procedures contained in the collective bargaining agreement, the court finds no reason to reconsider its decision to grant Goodyear's motion to dismiss. For these reasons and the reasons stated in the court's memorandum opinion (doc. 27), the court DENIES the motion (doc. 29).

DONE and ORDERED this 21st day of November, 2012.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE